GEORGE ENGLISH *versus* CHARLES SPRAGUE.

The contents of a justice's record are to be proved by an authenticated copy of it. His certificate, alleging what facts appear by the record, is not receivable as proof.

ON EXCEPTIONS from the District Court, HATHAWAY, J. ASSUMPSIT.

TENNEY, J., orally. — This is an action on a note of hand not negotiable. At the trial in the District Court, the defend-

ant offered the record of a judgment before a justice of the peace, in a suit in which the defendant had been summoned as the trustee of one *James* English, and, upon his disclosure, adjudged trustee on account of the note here in suit. The case comes before us on exceptions to the ruling of the Judge in excluding this evidence.

This is a suit by *George* English. The judgment was in a suit against *James* English. The defendant in this suit was adjudged trustee and has paid the amount. Should that record have been received in evidence ?

If admitted, the disclosure would show *that* this defendant was charged as trustee on account of this note ; — *that* a trade had been made between this defendant and *James* English for the purchase of a cow, for which this note was given ; — *that* subsequently the note was changed by the consent of *George* English, *James* English and this defendant ; — and *that* *George* English was substituted as the payee.

*George* English is the plaintiff in the present suit. *James* English was the defendant in the other case. The parties are therefore different.

Although the defendant has paid the amount as trustee, the rights of *George* could not be affected by a transaction, in which he was not a party ; and he must be protected here, if he was not notified so as to become a party to that suit.

The Revised Statutes, chap. 119, sect. 35, 36, provide that when it appears, by the answers of the trustee, that any effects, goods or credits in his hands are claimed by a third person, in virtue of an assignment from the principal debtor, or in some other way, the Court may permit such claimant, if he see cause, to appear and become a party to the suit, and maintain his right. Should such claimant not appear voluntarily, notice may be served on him in such manner as the Court may direct.

In order to show that George voluntarily appeared, the defendant introduces a certificate of the justice, subjoined to his attested copy of the record, and alleging it to appear of record, that George appeared by attorney in that suit.

The record itself is made a part of this case, and it does not show any such appearance. It therefore contradicts the certificate, and must control it. The certificate, even if the record were not before us, could not be used as evidence. It does not purport to be an attested copy of any record. A magistrate, in order to show what a record contains, is not merely to certify what his construction of the record is. He must give a copy of it, that the Court may judge of its import. His certificate that it contains any particular fact, is never receivable as proof. The defendant therefore fails 'to show that George voluntarily appeared to the suit. And there is no evidence that he was summoned in. He was not, therefore, a party to that suit.

*Exceptions overruled.*

*Fuller & Harvey,* for the defendant.
*Tyler,* for the plaintiff.

